**BROWN RUDNICK LLP**
David J. Molton
Daniel J. Saval
Gerard T. Cicero
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
Fax: (212) 209-4801

*Counsel to National Commercial Bank of Anguilla, Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>National Bank of Anguilla (Private Banking & Trust) Ltd.,<br><br>    Debtor. | Chapter 11<br><br>Case No. 16-11806 (MG) |
| National Bank of Anguilla (Private Banking & Trust) Ltd.,<br><br>    Plaintiff.<br>v.<br><br>National Bank of Anguilla Ltd., National Commercial Bank of Anguilla Ltd., and Eastern Caribbean Central Bank,<br><br>    Defendants. | Adv. Pro. No. 16-01279 (MG) |

**REPLY IN FURTHER SUPPORT OF**
**MOTION BY THE NATIONAL COMMERCIAL BANK OF**
**ANGUILLA, LTD. TO DISMISS THE AMENDED COMPLAINT**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT .......................................................................................................................... 2

I.  The Amended Complaint Should Be Dismissed
    On *Forum Non Conveniens* Grounds ........................................................................ 2

II. The Amended Complaint Should Be Dismissed Because
    The Alleged Transfers, Conveyances, And Dispositions Are Extraterritorial ......... 2

III. The Section 548 and 544 Claims Should Be Dismissed
     Because The Amended Complaint Fails To Establish The
     Transfer Of An Interest Of The Debtor In Property On April 22, 2016 ................. 3

IV. The DCL Claims Fail Because The Amended Complaint Fails
    To Sufficiently Plead Those Claims .......................................................................... 5

V.  The Section 502(d) Claim Is Premature And, In All Events, Fails ........................ 7

CONCLUSION ...................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Andrew Velez Constr., Inc. v. Consolidated Edison Co. of N.Y., Inc. (In re
Andrew Velez Const., Inc.), 373 B.R. 262 (Bankr. S.D.N.Y. 2007)........................................3

Ashcroft v. Iqbal,
556 U.S. 662 (2009).................................................................................................4, 5

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007).................................................................................................4, 5

Geo-Grp. Commc'ns, Inc. v. Chopra,
15 Civ. 1756, 2016 WL 390089 (S.D.N.Y. Feb. 1, 2016) ...........................................4

Giuliano v. Shorenstein Co. (In re Sunset Aviation, Inc.),
468 B.R. 641 (Bankr. D. Del. 2011) ...........................................................................5

Mueller v. Michael Janssen Gallery Pte. Ltd.,
No. 15 CIV. 4827 (NRB), 2016 WL 7188151 (S.D.N.Y. Dec. 1, 2016)....................7

Picard v. Madoff (In re Bernard L. Madoff Inv. Secs. LLC),
458 B.R. 87 (Bankr. S.D.N.Y. 2011) ..........................................................................4

Rieger v. Drabinsky (In re Livent, Inc. Noteholders Sec. Litig.),
151 F. Supp. 2d 371 (S.D.N.Y 2001).........................................................................7

Seiden Assocs., Inc. v. ANC Holdings, Inc.,
754 F. Supp. 37 (S.D.N.Y. 1991) ...........................................................................6, 7

Silverman v. K.E.R.U. Realty Corp. (In re Allou Distribs., Inc.),
379 B.R. 5 (Bankr. E.D.N.Y. 2007)............................................................................5

Tronox Inc., et. al. v. Anadarko Petroleum Corp. and Kerr-McGee Corp. (In re
Tronox Inc.), 429 B.R. 73 (Bankr. S.D.N.Y. 2010)...................................................7

**Statutes**

11 U.S.C. § 101(54) .............................................................................................................3

11 U.S.C. § 550...................................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 8(d) .........................................................................................................6, 7

Defendant the National Commercial Bank of Anguilla, Ltd. ("NCBA"), by and through its undersigned counsel, respectfully submits this Reply (the "Reply") to the Memorandum of Law in Opposition to the National Commercial Bank of Anguilla Ltd.'s Motion to Dismiss the Amended Complaint (the "Amended Complaint" or "Compl."),[1] filed by debtor the National Bank of Anguilla (Private Banking & Trust) Ltd. (the "Plaintiff," "PBT" or the "Debtor"), dated May 26, 2017 Adv. Pro. No. 16-01279, Dkt. No. 50 (the "Opposition" or "Opp."). In response to the Opposition and in further support of NCBA's Motion to Dismiss the Amended Complaint, Dkt. No. 44, and Memorandum of Law in Support of the Motion, Dkt. No. 45 (the "NCBA Motion" or "Motion"), NCBA respectfully states as follows:

**PRELIMINARY STATEMENT**

As set forth in the NCBA Motion, the Amended Complaint against NCBA should be dismissed on grounds of *forum non conveniens*, international comity, and/or the act-of-state doctrine. For the reasons set forth in the Reply Memorandum of Law in Support of Defendant National Bank of Anguilla Ltd.'s Motion to Dismiss the Amended Complaint (the "NBA Reply"), filed by the National Bank of Anguilla Ltd. ("NBA"), the Debtor's arguments for proceeding with claims against NCBA and the other Anguillan defendants in this forum, as opposed to the Anguillan court where parallel proceedings were first filed and remain pending, are entirely unavailing.

Even if the Court moves on to NCBA's Rule 12(b)(6) dismissal arguments, each and every claim asserted against NCBA in the Amended Complaint fails as a matter of law. In its Opposition, the Debtor represents that the only transfer to NCBA it is seeking to avoid in the Amended Complaint is that which allegedly occurred on April 22, 2016. As explained herein,

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed thereto in the Amended Complaint.

1

the Opposition essentially concedes that there was no transfer of the Debtor's property interests on that date, dealing a fatal blow to the Bankruptcy Code avoidance claims against NCBA. The fundamental deficiencies of those claims only reinforce the propriety of the Anguillan court, in the pending proceedings before it, adjudicating the disputes between PBT and the Defendants in this action. The Amended Complaint should be dismissed with prejudice.

## ARGUMENT

### I. The Amended Complaint Should Be Dismissed On *Forum Non Conveniens* Grounds.

1. In further support of NCBA's argument that the Amended Complaint against NCBA should be dismissed on grounds of *forum non conveniens* and/or international comity, NCBA hereby joins in, fully incorporates, and adopts the arguments, points, authorities, and requests for relief set forth in pages 1-7 of the NBA Reply as set forth therein.[2]

### II. The Amended Complaint Should Be Dismissed Because The Alleged Transfers, Conveyances, And Dispositions Are Extraterritorial.

2. In further support of NCBA's argument that the Amended Complaint against NCBA should be dismissed because the alleged transfer occurred extraterritorially and the Bankruptcy Code avoidance statutes and the New York Debtor and Creditor Law (the "DCL") do not apply extraterritorially, NCBA hereby joins in, fully incorporates, and adopts the arguments, points, authorities, and requests for relief set forth in pages 8-10 of the NBA Reply as set forth therein.

---

[2] In further support of NCBA's argument that the Amended Complaint against NCBA should be dismissed because the act-of-state doctrine precludes suit in this jurisdiction on the underlying allegations, NCBA also joins in, fully incorporates, and adopts the arguments, points, authorities, and requests for relief set forth in page 7-8 of the NBA Reply as set forth therein.

2

**III.  The Section 548 and 544 Claims Should Be Dismissed
Because The Amended Complaint Fails To Establish The
Transfer Of An Interest Of The Debtor In Property On April 22, 2016.**

3.  In its Opposition, the Debtor now represents that the *only* transfer that the Debtor seeks to avoid as against NCBA is that which allegedly occurred on April 22, 2016. Opp. at 4, n.4. ("The transfer to NCBA that Debtor seeks to avoid occurred in a single instance, on April 22, 2016"). But the Debtor describes that transfer as "a pre-petition transfer of *NBA's* valuable assets to NCBA, including Funds in the Account." Id. at 3 (emphasis supplied). In doing so, the Debtor merely confirms that the Amended Complaint fails to establish the transfer of an interest of the *Debtor* in property on April 22, 2016, such that the Debtor's avoidance claims against NCBA under Sections 548 and 544 (Counts II, V, VIII, XI, and XIV) must fail.

4.  The Debtor also does not challenge that, per the allegations of the Amended Complaint, the Debtor's claimed equitable interest in the Funds in the Account was not altered on April 22, 2016. Rather, the Debtor contends that, "while the Debtor maintained an equitable interest in the Funds, the transfer of *possession* to NCBA constitutes a 'transfer' under section 101(54) of the Bankruptcy Code." Opp. at 4 (emphasis in original). Once again, however, the issue here is not whether there was a transfer of *any* entity's interest in property on April 22, 2016, but whether there was a transfer of an interest of the *Debtor* in property on that date. See NCBA Motion ¶¶ 6-7, 17-19. And the Debtor does not dispute (nor can it) that the Debtor did not have possession of the Funds at any time on April 22, 2016, so it necessarily had no possessory interest to transfer on that date. That is fatal to the Debtor's Section 548 and 544 claims against NCBA. See e.g., Andrew Velez Constr., Inc. v. Consolidated Edison Co. of N.Y., Inc. (In re Andrew Velez Const., Inc.), 373 B.R. 262, 271 (Bankr. S.D.N.Y. 2007) ("To establish a claim for constructive fraudulent transfer under § 548(a)(1)(B), a plaintiff must allege facts

3

showing that (i) the *debtor* had an interest in the property; [and] (ii) a transfer of *that interest* occurred within the prescribed time period . . . .") (emphasis supplied).

5. The Section 548 and 544 claims against NCBA should also be dismissed because the Amended Complaint insufficiently describes the property interests that were allegedly transferred on April 22, 2016. As discussed in the NCBA Motion, the Amended Complaint's description of the April 22, 2016 "transfer" — as a "transfer of NBA's valuable assets to NCBA, including Funds in the Account," Opp. at 3; see also Compl. ¶ 53; id. ¶¶ 110-111 (Count II); id. ¶¶ 129-130 (Count V); id. ¶¶ 150-151 (Count VIII); id. ¶ 173 (Count XI); id. ¶¶ 198, 202 (Count XIV) — is far too generic and imprecise to satisfy the required pleading standards. See NCBA Motion ¶ 4, n.4 (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); Picard v. Madoff (In re Bernard L. Madoff Inv. Secs. LLC), 458 B.R. 87 (Bankr. S.D.N.Y. 2011) (Lifland, J.); Geo-Grp. Commc'ns, Inc. v. Chopra, 15 Civ. 1756, 2016 WL 390089 (S.D.N.Y. Feb. 1, 2016)).

6. The Debtor appears to try to argue around this by claiming that *subsequent, post-petition* transfers made out of the Account, as set forth in Exhibit E to the Amended Complaint, are "evidence of NCBA's dominion and control over the Funds that were in fact transferred by NBA to NCBA at 4:00 p.m. on April 22, 2016, and [] indicate the *minimum* amount of Funds in the Account on that date." Opp. at 4. That argument is baseless. The Debtor fails to cite any authority to support the position that subsequent transfers *from* an account can be used to remedy deficiencies in describing an earlier transfer *to* that account, which is unsurprising, because that position strains credulity. Indeed, the Amended Complaint fails to even allege that the Exhibit E transfers were made from (or can be traced to) the *same funds* that were in the Account on April 22, 2016, and the Debtor does not even attempt to argue to the contrary.

4

7.      Finally, because the Section 548 and 544 claims fail, the Debtor's claims based on Bankruptcy Code Section 550 (Counts XVII and XIX) also fail for lack of a valid predicate avoidance claim.[3]  See NCBA Motion ¶¶ 21-23 (citing Silverman v. K.E.R.U. Realty Corp. (In re Allou Distribs., Inc.), 379 B.R. 5, 19 (Bankr. E.D.N.Y. 2007); Giuliano v. Shorenstein Co. (In re Sunset Aviation, Inc.), 468 B.R. 641, 651 (Bankr. D. Del. 2011)).

### IV.    The DCL Claims Fail Because The Amended Complaint Fails To Sufficiently Plead Those Claims.

8.      The Opposition also fails to demonstrate the Amended Complaint sufficiently pleads the DCL claims against NCBA (Counts XXI and XXII) based on the Debtor's purported status as a creditor of NBA (assuming that New York law even applies, and as set forth in NBA Reply at pages 9-10, it does not).

9.      As an initial matter, NCBA asserted in its NCBA Motion that the DCL claims fail because, among other reasons, the Amended Complaint fails to sufficiently allege actual fraudulent intent and lack of fair consideration, essential elements for claims under DCL Section 276 and Sections 273, 274, and 275, respectively.  See NCBA Motion ¶¶ 31-33; Compl. ¶¶ 233-242.[4]  In its Opposition, the Debtor *does not dispute these pleading deficiencies*, and therefore the DCL claims can and should be dismissed on this basis alone.

---

[3]    As an additional grounds for dismissal, and as set forth in NCBA Motion ¶ 24, the Section 550(a)(2) claim asserted in Count XIX fails because the Amended Complaint lacks sufficient detail as to subsequent transfers allegedly made to NCBA.

[4]    These allegations consist entirely of "[t]hreadbare recitals of the elements of [the] cause of action, supported by mere conclusory statements" which "do not suffice." Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 555; see e.g., Compl. ¶ 237 (alleging actual fraudulent intent under DCL Section 276 by stating that NBA "conveyed the Funds to NCBA on April 22, 2016, with the actual intent to hinder, delay, or defraud NBA's then-existing or future creditors;" id. ¶¶ 238-241 (alleging lack of fair consideration under DCL Sections 273, 274, and 275 through the following barebones, conclusory allegations: (i) "NBA was insolvent…with unreasonably small capital…or intended to incur debts beyond its ability to pay them on April 22, 2016;" (ii) "when NBA transferred its Funds and other assets to NCBA, the present fair salable value of NBA's assets was less than the amount required to pay its probable liability on existing debts;" (iii) "NBA did not receive fair consideration for its Funds and other assets

5

10. Moreover, as is the case with the Section 548 and 544 claims, the DCL claims should also dismissed because the Amended Complaint fails to describe the April 22, 2016 "transfer" with sufficient particularity. Arguing to the contrary, the Debtor contends that "the only detail missing is the maximum value of the property transferred." Opp. at 5. But describing the transferred property as "Funds and other assets," Compl. ¶ 236, "Funds," id. ¶ 236, and "Funds and other assets . . . in an amount not less than US $1.72 million," id. ¶ 244, fails to identify far more fundamental detail as to the nature and value of the transferred assets – *i.e.*, *which* Funds and *which* "other assets"? And, for the reasons discussed above, supra, ¶ 6, the Court should reject the Debtor's argument that the Exhibit E transfers demonstrate the "minimum value" of Funds allegedly transferred to NBA on April 22, 2016. Opp. at 5. Accordingly, the DCL claims fail to meet the required pleading standards.

11. Finally, the DCL claims against NCBA should be dismissed because they are based on fundamentally inconsistent allegations in the Amended Complaint – namely that the April 22, 2016 transfer was a transfer of both the Debtor's and NBA's interest in property. The Debtor argues that those inconsistencies are not self-defeating because "it is possible for the Debtor and NBA to have…different rights…in the same property transferred," id., and "'inconsistent' pleading…is expressly sanctioned by the Federal Rules," id. at 6 (citing Fed. R. Civ. P. 8(d)(2)-(3); Seiden Assocs., Inc. v. ANC Holdings, Inc., 754 F. Supp. 37, 40 (S.D.N.Y. 1991)). Those arguments are without merit.

12. First, the Debtor's argument that NBA's rights in the assets transferred to NCBA on April 22, 2016 were merely "legal" (in contrast to the Debtor's purported "equitable interest"

---

transferred to NCBA;" and (iv) "NCBA did not in good faith receive the Funds or other assets transferred by NBA").

6

in those same assets) is contradicted by its statement in the Opposition that the April 22, 2016 transfer was the transfer of "NBA's valuable assets", Opp. at 3, without any qualification that NBA's interest in those assets was only "legal".[5]  Second, Fed. R. Civ. P. 8(d) does not grant a plaintiff "license to plead inconsistent assertions of facts within the allegations that serve as the factual predicates for an independent, unitary claim," Rieger v. Drabinsky (In re Livent, Inc. Noteholders Sec. Litig.), 151 F. Supp. 2d 371, 407 (S.D.N.Y 2001), which is exactly what the Debtor has done here.  See NCBA Motion ¶ 30, n.12.[6]

## V.  The Section 502(d) Claim Is Premature And, In All Events, Fails.

13.     Notwithstanding that NCBA has not (at least yet) filed a claim against the Debtor in the Chapter 11 case, the Debtor argues that the Section 502(d) claim asserted in Count XXV should not be dismissed because "no bar date has been established." Opp. at 6.  But that does not change the fact that the Section 502(d) claim is premature, see, e.g., Tronox Inc., et. al. v. Anadarko Petroleum Corp. and Kerr-McGee Corp. (In re Tronox Inc.), 429 B.R. 73, 109 (Bankr. S.D.N.Y. 2010), and the Debtor cites no authority holding otherwise.  Moreover, for the reasons set forth in NCBA Motion ¶ 37, the Section 502(d) claim should also be dismissed for failure to plead any avoidable or recoverable transfers to NCBA.

---

[5]    Moreover, the Debtor acknowledges that the argument that it has an equitable interest in those assets is only made *in the alternative*.  See Opp. at 4 (noting that the Debtor "alleges (*alternatively*) a continuing equitable interest in funds that were transferred to NCBA at 4:00 p.m. on April 22, 2016") (emphasis supplied).

[6]    In arguing to the contrary, the Debtor cites Seiden Assocs., Inc. v. ANC Holdings, Inc., which permitted a plaintiff to plead contradictory claims for breach of contract and for recovery under theories of quantum meruit and unjust enrichment.  754 F. Supp. 37, 39-40 (S.D.N.Y. 1991).  However, "Seiden and its reasoning have been consistently rejected by New York state courts and courts in this district such that it is no longer considered good law."  Mueller v. Michael Janssen Gallery Pte. Ltd., No. 15 CIV. 4827 (NRB), 2016 WL 7188151, at *4 (S.D.N.Y. Dec. 1, 2016).

## **CONCLUSION**

NCBA respectfully requests that Court dismiss the Amended Complaint with prejudice.

Dated:  June 9, 2017              **BROWN RUDNICK LLP**

By: /s/ *Daniel J. Saval*
David J. Molton
Daniel J. Saval
Gerard T. Cicero
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: dmolton@brownrudnick.com
Email: dsaval@brownrudnick.com
Email: gcicero@brownrudnick.com