

**Jordan W. Siev**
Direct Phone: +1 212 205 6085
Email: jsiev@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel +1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

July 18, 2017

**VIA ECF/HAND DELIVERY**

Honorable Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

RE:   **National Bank of Anguilla (Private Banking & Trust) Ltd. v.
National Bank of Anguilla, Ltd., *et al.*; Adv. Pro. No. 16-01279 (MG)**

Dear Judge Glenn:

We write on behalf of debtor/plaintiff National Bank of Anguilla (Private Banking & Trust) Ltd. ("PBT"), in connection with the above-referenced adversary proceeding (the "Adversary Proceeding"), to advise the Court of certain recent developments before the Eastern Caribbean Supreme Court in the High Court of Justice Anguilla Circuit ("High Court").

By way of background, as required in order to avoid the potential expiration of a statute of limitations under Anguillan law, on March 10, 2017, PBT submitted an application for judicial review pursuant to Part 56 of the Eastern Caribbean Supreme Court Civil Procedure Rules 2000, Claim No. AXA/HCV 2017/0017 (the "JR Application"), before the High Court, against the Eastern Caribbean Central Bank ("ECCB") and others.[1] PBT submitted the JR Application at that time solely so as to not prejudice its estate by potentially allowing a statute of limitations to expire. Accordingly, contemporaneously with filing the JR Application, PBT sought ECCB's (and the other parties') consent to stay the JR Application until final determination of the Adversary Proceeding pending before this Court. When ECCB failed to timely consent to the stay proposed by PBT, PBT filed, on May 5, 2017, its Application for a Stay of Proceedings (the "Stay Application"), to which the ECCB filed an opposition on June 6, 2017. Following a hearing on June 14, 2017, the High Court granted the enclosed Order which was entered on July 14, 2017 allowing the Stay Application (the "Stay Order"). The Stay Order provides, in pertinent part, that the JR Application is stayed until the earlier of either (i) a final determination in the US Proceedings and the Further US Proceedings[2]; or (ii) final settlement between the parties to the US Proceedings as well as between the parties to the Further US Proceedings.

---

[1] We note that the High Court first must give leave to commence judicial review proceedings. Further details of the JR Application may be found at ¶¶ 33-35 of the Declaration of Eustella Fontaine in Support of PBT's Opposition to Defendants' Motions to Dismiss, filed May 26, 2017 [ECF No. 52]. *See also* footnote 6 (on page 23) of PBT's Memorandum of Law in Opposition to the Eastern Caribbean Central Bank's Motion to Dismiss the Amended Complaint [ECF No. 51].
[2] For purposes of the Stay Order, "US Proceedings" means this Adversary Proceeding, and "Further US Proceedings" means the adversary proceeding filed in the United States Bankruptcy Court for the Southern District of New York captioned

Honorable Martin Glenn
United States Bankruptcy Court
Southern District of New York
July 18, 2017
Page 2


      We write to provide the Court with this update because reference to the JR Application was made in ECCB's and its co-defendants' pending motions to dismiss the Adversary Proceeding, which motions are scheduled to be heard on July 31, 2017. Specifically, the defendants argued that the existence of the JR Application was one reason to dismiss this Adversary Proceeding under the doctrine of *forum non conveniens* in favor of litigation in Anguilla. (ECCB Moving Brief at p. 25) [ECF No. 39]. As the Stay Order reflects, however, the High Court – having been informed by ECCB that it had moved to dismiss the Adversary Proceeding on, among other grounds, *forum non conveniens* – nonetheless elected to stay the JR Application until the final resolution or settlement of this Adversary Proceeding and the CCIB Adversary Proceeding. Thus, PBT respectfully submits that the granting of the Stay Order by the High Court further supports this Court's rejection of the *forum non conveniens* portion of Defendants' motions to dismiss, and this Court's retention of this Adversary Proceeding.

      We are available at Your Honor's convenience to answer any questions the Court may have.

                                          Respectfully submitted,

                                          Jordan W. Siev

cc:    Appearing Counsel for Defendants (via ECF)

JWS/sar

Encl.

---

*Caribbean Commercial Bank Investment Limited v. Caribbean Commercial Bank (Anguilla) Ltd. (in receivership), the National Commercial Bank of Anguilla Limited and the Eastern Caribbean Central Bank*; Adv. Pro. No. 17-01058-smb, which is pending before Judge Bernstein (the "CCIB Adversary Proceeding").

**REGISTRAR'S OFFICE**

JUL 14 2017

**ANGUILLA**

IN THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
ANGUILLA CIRCUIT
(CIVIL)
A.D. 2017

Claim No: AXA/HCV 2017/0017

IN THE MATTER of Part 56 of Civil Procedure Rules 2000 (as amended) of The Eastern Caribbean Supreme Court

AND

IN THE MATTER OF an Application by the Applicants for leave to apply for Judicial Review

BETWEEN:

1. **NATIONAL BANK OF ANGUILLA (PRIVATE BANKING AND TRUST) LIMITED** (in administration)

   **Intended Applicant**

2. **CARIBBEAN COMMERCIAL INVESTMENT BANK LIMITED** (in administration)

   **Intended Applicant**

-and-

1. **CHIEF MINISTER OF ANGUILLA**

   **Intended Respondent**

2. **ATTORNEY GENERAL OF ANGUILLA** (Sued as the legal representative of the Government of Anguilla/ Executive Council)

   **Intended Respondent**

3. **GARY MOVING**
AS RECEIVER OF NATIONAL BANK OF ANGUILLA LIMITED (in receivership) and CARIBBEAN COMMERCIAL BANK (ANGUILLA) LIMITED (in receivership)

   **Intended Respondent**

4. **EASTERN CARIBBEAN CENTRAL BANK**

   **Intended Respondent**

## O R D E R

Before: His Lordship The Honourable Mr. Justice Darshan Ramdhani [Ag] GSB

Dated the 14th day of June 2017

Entered the 14th day of July 2017

APPEARANCES:

Mr. Ronald Scipio Q.C, with him Ms. Eustella Fontaine and Ms. Yanique Stewart for the Intended Applicants

The Attorney General, Mr. John McKendrick Q.C. for the 1st and 2nd Intended Respondents

Ms. E. Ann Henry Q.C. and with her Ms. Navine Fleming for the 3rd and 4th Intended Respondents

Mrs. Ruth Allison Crossman, [Deputy Director Banking Services of ECCB] and Ms. Gillian Skerrit, [Deputy Director Legal Services of ECCB] attended the hearing and Mr. Gary Moving 3rd Intended Respondent also attended

**WHEREAS** the Intended Applicants issued an application for leave to make a claim for judicial review on 10th March 2017 with application number AXAHCV2017/0017 in respect of various decisions made by the Intended Respondents (the **"Leave Application"**);

**WHEREAS** National Bank of Anguilla (Private Banking & Trust) Limited **("PBT")** filed a complaint in the United States Bankruptcy Court for the Southern District of New York (**"US Bankruptcy Court"**) on 16th December 2016 (Case No. 16-16-ap-01279-mg) (the **"US Proceedings"**) against the National Bank of Anguilla Limited (in receivership), the National Commercial Bank of Anguilla Limited (**"NCBA"**), and the Eastern Caribbean Central Bank (**"ECCB"**), which complaint was amended on 20th March 2017; and Caribbean Commercial Bank Investment Limited (**"CCIB"**) has filed a complaint in the US Bankruptcy Court on 1st May 2017 (Case No. 17-01058-smb) against the Caribbean Commercial Bank (Anguilla) Ltd. (in receivership), the NCBA, and the ECCB (the **"Further US Proceedings"**);

**UPON READING** the Application for a Stay of Proceedings and the Affidavit of William Tacon in Support of the Application filed on 5th May 2017 (**"Stay Application"**) and the Submissions in Support of the Application filed on 13th June 2017 seeking an order that the Application for Leave for Judicial Review filed on 10th March 2017 be stayed until a final determination by the US Court

of the US Proceedings and Further US Proceedings or the reaching of any final settlement between the parties to the US Proceedings, as well as between the parties to the Further US Proceedings;

**AND UPON** the 1st and 2nd Intended Respondents not opposing the Stay of Proceeding Application on pragmatic and cost grounds, whilst reserving their right to argue the Intended Applicants have unreasonably delayed in bringing their Leave Application, aside from the period of the stay, as set out in correspondence dated 7th April 2017;

**AND UPON READING** the Affidavit of Ruth Allison Crossman on behalf of the 3rd and 4th Intended Respondents filed on 6th June 2017 in Opposition to the Stay Application;

**AND UPON HEARING** Mr. Scipio QC for the Intended Applicants who informed the Court that the Intended Applicants intended to rely on the full Submissions filed on 13th June 2017;

**AND UPON HEARING** Mr. Scipio QC on the further submission that the Court has a wide discretion to stay proceedings even where the issue is not one concerning forum non conveniens, stay pending appeal or parallel proceedings in the same jurisdiction and submitting further that the Court's discretion is not circumscribed because the extant application involves consideration of proceedings outside the jurisdiction (the US Proceedings and the Further US Proceedings) and urging that the Court ought to consider the US Proceedings and the Further US Proceedings and the potential impact on the proceedings before the Anguilla Court;

**AND UPON HEARING** Mr. McKendrick QC that the 1st and 2nd Intended Respondents are not objecting to the Stay Application further to the principles of the overriding objective as outlined in CPR 1.1 (1) and (2) and also indicating that the granting of the stay is not incompatible with the overriding objective and that the just, proportionate, practical matter is for there to be a stay which can be lifted upon application of any party and asking that the Court tailor the order to ensure that no prejudice is created to any party in the US Proceedings or the Further US Proceedings;

**AND UPON HEARING** Ms. Henry QC that the 3rd and 4th Intended Respondents maintain their objection to the Stay Application and raising the concern that the US Proceedings and Further US Proceedings might be affected by these proceedings and that the gravamen of the objection by the 3rd and 4th Intended Respondents to the Stay Application is outlined at paragraph 12 of the Affidavit of Ms. Crossman which states *"the 4th named Intended Defendant has moved*

*to dismiss the proceedings pending in the US Proceedings and the US Further Proceedings on the footing that it is immune from suit in the United States of America. It also contends that to the extent that the issues raised in the US Proceedings and/or the US Further proceedings have any merit they should be litigated in Anguilla as it is the natural and convenient forum and there is no reason to suggest that the Courts of Anguilla are not competent to hear and dispose of the matters properly and with dispatch";*

**AND UPON** the Court informing that it will accept the Submissions of the Intended Applicants and will grant the Stay Application in light of the Intended Applicants' Submissions and the intimations made on behalf of the 1st and 2nd Intended Respondents and also taking into consideration the objections and concerns raised by the 3rd and 4th Intended Respondents;

**AND UPON** the Court taking the view that it will make no pronouncements on the issue of forum non conveniens and that the respective parties will be allowed to raise the issue of delay upon the Leave Application;

**IT IS HEREBY ORDERED THAT:**

1. The Application for Leave for Judicial Review is hereby stayed pursuant to CPR r. 26.1 (2) (q) until the earlier of either:

   a. A final determination by the courts in the US Proceedings and the Further US Proceedings. A determination of the US Proceedings and the Further US Proceedings shall be final upon the entry of an order or settlement which is not subject to any further appeal or writ of certiorari; or

   b. The reaching of any final settlement between the parties to the US Proceedings as well as between the parties to the Further US Proceedings.

2. The parties are at liberty to apply on notice to this Court to lift the stay.

3. Costs are reserved in the matter.

**BY THE COURT**

*[signature]*

**REGISTRAR**

IN THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
ANGUILLA CIRCUIT
(CIVIL)
A.D. 2017

Claim No: AXA/HCV 2017/0017

IN THE MATTER of Part 56 of Civil Procedure Rules 2000 (as amended) of The Eastern Caribbean Supreme Court

AND

IN THE MATTER OF an Application by the Applicants for leave to apply for Judicial Review

BETWEEN:

1. **NATIONAL BANK OF ANGUILLA (PRIVATE BANKING AND TRUST) LIMITED (in administration)**

   **Intended Applicant**

2. **CARIBBEAN COMMERCIAL INVESTMENT BANK LIMITED (in administration)**

   **Intended Applicant**

-and-

1. **CHIEF MINISTER OF ANGUILLA**

   **Intended Respondent**

2. **ATTORNEY GENERAL OF ANGUILLA (Sued as the legal representative of the Government of Anguilla/ Executive Council)**

   **Intended Respondent**

3. **GARY MOVING AS RECEIVER OF NATIONAL BANK OF ANGUILLA LIMITED (in receivership) and CARIBBEAN COMMERCIAL BANK (ANGUILLA) LIMITED (in receivership)**

   **Intended Respondent**

4. **EASTERN CARIBBEAN CENTRAL BANK**

   **Intended Respondent**

## O R D E R

Filed by Fontaine & Associates
Solicitors for the Intended Applicants