**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>National Bank of Anguilla (Private Banking & Trust) Ltd.,<br>　　　　　Debtor. | Chapter 11<br><br>Case No.: 16-11806 (MG) |
| National Bank of Anguilla (Private Banking & Trust) Ltd.,<br>　　　　　Plaintiff,<br>v.<br>National Bank of Anguilla Ltd., National Commercial Bank of Anguilla Ltd., and Eastern Caribbean Central Bank,<br>　　　　　Defendants. | Adv. Pro.Case No.: 16-01279 (MG) |
| In re:<br><br>Caribbean Commercial Investment Bank Ltd.,<br>　　　　　Debtor. | Chapter 11<br><br>Case No.: 16-13311 (SMB) |
| Caribbean Commercial Investment Bank Ltd.,<br>　　　　　Plaintiff,<br>v.<br>Caribbean Commercial Bank (Anguilla) Ltd., National Commercial Bank of Anguilla Ltd., and Eastern Caribbean Central Bank,<br>　　　　　Defendants. | Adv. Pro. Case No.: 17-01058 (SMB) |

**FIRST JOINT STATUS REPORT OF DEBTORS NATIONAL BANK OF
ANGUILLA (PRIVATE BANKING AND TRUST) LTD. AND CARIBBEAN
COMMERCIAL INVESTMENT BANK LTD. AND DEFENDANTS NATIONAL
BANK OF ANGUILLA, LTD., CARIBBEAN COMMERCIAL BANK (ANGUILLA)
LTD., NATIONAL COMMERCIAL BANK OF ANGUILLA LTD. AND THE
EASTERN CARIBBEAN CENTRAL BANK IN RESPONSE TO THE
<u>COURTS' JANUARY 29, 2018 MEMORANDUM OPINION AND ORDER</u>**

National Bank of Anguilla (Private Banking & Trust) Ltd. ("PBT") and Caribbean Commercial Investment Bank Ltd. ("CCIB" and, together with PBT, the "Debtor Banks"), and defendants National Bank of Anguilla, Ltd. ("NBA"), Caribbean Commercial Bank (Anguilla) Ltd. ("CCB," together with NBA, the "Parent Banks"), Eastern Caribbean Central Bank (the "ECCB"), and the National Commercial Bank of Anguilla, Ltd. ("NCBA," and together with ECCB, CCB and NBA, the "Defendants"), by and through their undersigned counsel, submit this First Joint Status Report in response to the Courts' January 29, 2018 memorandum opinion and order (the "Memorandum Opinion"), requiring the parties to file joint status reports in each of the adversary proceedings [Adv. Pro.No.: 16-01279 (MG); Adv. Pro. No.: 17-01058 (SMB)] (the "Adversary Proceedings") every ninety (90) days from the date of the Memorandum Opinion reporting on the status of proceedings in the Anguilla courts.

I. **The Anguilla Initial Proceedings**

On May 6, 2016, the Debtor Banks brought suit against the Parent Banks and NCBA in the Eastern Caribbean Supreme Court in the High Court of Justice Anguilla Circuit (the "High Court") seeking declaratory, equitable, and pecuniary relief (the "Anguilla Initial Proceedings"). The Debtor Banks asserted that Conservator Directors Martin Dinning, Hudson Carr, Shawn Williams, Robert Miller (the "Conservator Directors") and the ECCB breached their fiduciary duties in their capacity as *de facto* directors of the Debtor Banks by transferring funds from PBT and CCIB to the Parent Banks in the amount of US$174,959,675.75 and US$25,983,662.05, respectively. The Parent Banks and the NCBA dispute the allegations made and the relief sought in the Anguilla Initial Proceedings.

On August 24, 2016, the High Court denied PBT and CCIB leave to institute the Initial Proceedings against their respective Parent Banks, principally based on the Debtor Banks' failure

to join the Conservator Directors, whom the High Court concluded were necessary parties. The Debtor Banks appealed the High Court's decision, and expect that the appeal will be heard on April 30, 2018.

## II. The Satay Action

On June 28, 2016, fifty-one of PBT's depositors and seventeen of CCIB's depositors (the "Satay Claimants") brought suit in the High Court (the "Satay Action") against the Conservator Directors and the ECCB (collectively, the "Satay Defendants") seeking damages of approximately US$13 million together with interest from August 2013 based on the same facts asserted in the adversary proceedings in the United States Bankruptcy Court by the Debtor Banks, but on behalf of the Debtor Banks' depositors rather than the Debtor Banks.[1] The Satay Claimants contended primarily that, by assuming control over the Debtor Banks, the Conservator Directors became *de facto* directors of the Debtor Banks and breached their alleged fiduciary duties to the Satay Claimants by allegedly failing to protect the Satay Claimants' deposits and the Debtor Banks' property. Based on the Satay Defendants' alleged conduct, the Satay Claimants asserted they were unable to access the funds they deposited with the Debtor Banks, which funds were transferred to NCBA allegedly in breach of the Anguilla Constitution and the European Convention on Human Rights. The Satay Defendants dispute the allegations made and the relief sought in the Satay Action.

On August 12, 2016, the Satay Defendants sought a declaration from the High Court that the Court lacked jurisdiction over the Satay Defendants because they were immune from suit under several articles of the Eastern Caribbean Central Bank Agreement Act R.S.A. c. E5 (Anguilla) (the "ECCB Act"). On February 22, 2017, the High Court issued a judgment, finding

---

[1] Although the Debtor Banks are not parties to the Satay Action, the parties have endeavored to keep the Courts apprised of the Action based on the Courts' inclusion of a description of the Satay Action in the Memorandum Opinion.

that the Satay Defendants acted *ultra vires* and exceeded their powers with respect to the Debtor Banks, including by hiring and firing the Debtor Banks' officers and employees and replacing them with the Conservator Directors, and by sending letters to the Debtor Banks' depositors that restricted their withdrawals and revised the interest rates on their deposits (the "Satay Judgment"). Accordingly, the Court held that the Satay Defendants were not immune from suit under the ECCB Act, and the Satay Defendants were ordered to serve a defense to the Satay Action. On April 11, 2017, the High Court granted the Satay Defendants' application for leave to appeal from the Satay Judgment. That appeal will also be heard on April 30, 2018.

### III. The Judicial Review Application

On March 10, 2017, the Debtor Banks filed an application for leave to apply for judicial review (the "Judicial Review Application," and together with the Satay Action and the Initial Anguilla Proceeding, the "Anguilla Litigation") against the Chief Minister of Anguilla, the Attorney General of Anguilla in his official capacity as a legal representative of the Government of Anguilla, Gary Moving, the receiver of the Parent Banks (the "Receiver") and the ECCB (collectively, the "Judicial Review Respondents"). In the Judicial Review Application, the Debtor Banks alleged that as part of a plan developed by the ECCB in 2016 to resolve the Parent Banks' financial difficulties, the ECCB and the Receiver agreed in approximately April 2016 to transfer certain of the Parent Banks' liabilities and an equal amount of assets to NCBA. The Application further alleged that, contemporaneously, the House of Assembly in Anguilla granted money to the Government of Anguilla to fund trusts to protect the Parent Banks' large depositors (with deposits exceeding EC$4 million) (the "Trusts"). The Debtor Banks claimed that, in effect, the Judicial Review Respondents guaranteed only the deposits of onshore depositors without providing a corresponding guaranty to the Debtor Banks' offshore depositors.

Accordingly, the Judicial Review Application sought (1) a declaration that the actions and decisions of the Judicial Review Respondents (the "Decisions") were unlawful, and orders quashing the Decisions; (2) a declaration that the ECCB and the Chief Minister must effect the transfer of the liability for the Debtor Banks' deposits in the sum of EC$2.8 million per deposit to NCBA; and (3) a declaration that the Debtor Banks' deposits with the Parent Banks must receive equal treatment and protections under the Trusts from the Chief Minister and the Receiver as the Parent Banks' other, similarly situated, depositors. The ECCB and other Judicial Review Respondents dispute the allegations made and the relief sought in the Judicial Review Application. The Debtor Banks requested a stay of the Judicial Review Application. On June 14, 2017, the High Court stayed the Judicial Review Application until the earlier of a "final determination" in the Adversary Proceedings or a final settlement between the parties to the Adversary Proceedings (the "Judicial Review Stay").

On February 27, 2018, counsel for the Debtor Banks wrote to the Judicial Review Respondents to provide notice of their intention to make an application to the High Court in Anguilla to lift the Judicial Review Stay in light of the Memorandum Opinion of this Court. At the request of the Attorney General of Anguilla, the ECCB consented to the continuation of the Judicial Review Stay to allow the Government of Anguilla to explore settlement with the Debtor Banks.

Dated: April 30, 2018
      New York, New York

REED SMITH LLP

*/s/ James C. McCarroll*
James C. McCarroll
Jordan W. Siev
Kurt F. Gwynne (*pro hac vice*)
599 Lexington Avenue
New York, NY  10022-7650
Telephone:  (212) 521-5400
Facsimile:  (212) 521-5450
Email: jmccarroll@reedsmith.com
      jsiev@reedsmith.com
      kgwynne@reedsmith.com

*Counsel for the Debtor Banks and Debtors in Possession*

Dated: April 30, 2018
      New York, New York

ALLEN AND OVERY LLP

By:  */s/ Laura R. Hall*
Laura R. Hall
Justin Ormand
Rebecca Delfiner
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 610-6300
Email: laura.hall@allenovery.com
      rebecca.delfiner@allenovery.com
      justin.ormand@allenovery.com

*Attorneys for Defendants NBA and CCB*

-and-

Dated: April 30, 2018
      New York, New York

BROWN RUDNICK LLP

By: */s/ David J. Molton*
David J. Molton
Howard S. Steel
Chelsea Mullarney
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800

- 6 -

        Email: dmolton@brownrudnick.com
             hsteel@brownrudnick.com
             cmullarney@brownrudnick.com

*Attorneys for Defendant NCBA*

   -and-

Dated: April 30, 2018        VINSON & ELKINS LLP
       New York, New York

By: */s/ Marisa Secco*
Marisa Secco (*pro hac vice*)
2801 Via Fortuna, Suite 100
Austin, Texas 78746-7568
Telephone: (512) 542-8781
Email: msecco@velaw.com

John C. Wander (*pro hac vice*)
Rebecca Lynn Petereit (*pro hac vice*)
Meriwether Evans (*pro hac vice*)
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
Telephone: (214) 220-7700
Email: jwander@velaw.com
       rpetereit@velaw.com
       mevans@velaw.com

Jessica C. Peet
666 Fifth Avenue, 26th Floor
New York, NY 10103-0040
Telephone: (212) 237-0000
Email: jpeet@velaw.com

*Attorneys for the Central Bank*